UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| KING PHARMACEUTICALS, INC., KING PHARMACEUTICALS, RESEARCH AND DEVELOPMENT, INC., and WYETH<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs, King Pharmaceuticals, Inc. ("King Pharma") and King Pharmaceuticals, Research and Development, Inc. ("King R&D"; collectively, "King"), by their attorneys, for their Complaint against defendant, Teva Pharmaceuticals USA, Inc. ("Teva"), allege as follows:

**Nature of the Action**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and, more particularly, 35 U.S.C. §§ 271 and 281. This action relates to an Abbreviated New Drug Application ("ANDA") filed by Teva with the United States Food and Drug Administration ("FDA") for approval to market generic versions of King's Sonata® drug products. Those products are sold in the United States, by prescription, to treat insomnia.

**The Parties**

2. King Pharma is a corporation organized and existing under the laws of Tennessee, and has a principal place of business at 501 Fifth Street, Bristol, Tennessee 37620.

3.    King R&D is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 1945 Craig Road, St. Louis, Missouri, 63146.

4.    Wyeth is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 5 Giralda Farms, Madison, New Jersey 07940. Prior to filing this action, King asked Wyeth to voluntarily join this action. Wyeth declined the request. Accordingly, pursuant to Fed. R. Civ. P. 19, Wyeth is named as an involuntary plaintiff to this action.

5.    Teva is a corporation incorporated under the laws of the State of Delaware, having places of business at 92 Route 46, Elmwood Park, NJ 07407; 1801 River Road, Fairlawn, New Jersey 07410; 8-10 Gloria Lane, Fairfield, New Jersey 07004; 482 Hudson Terrace, Englewood Cliffs, New Jersey 07632; 140 Hopper Avenue, Waldwick, New Jersey 07463; and 1090 Horsham Road, North Wales, Pennsylvania 19454-1090. On information and belief, Teva resides in this district, is doing business in this district, and is licensed to do business in this district.

### Jurisdiction and Venue

6.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.    This Court has personal jurisdiction over Teva because it resides in, is doing business in, and is licensed to do business in Delaware.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patent In Suit.

9.    United States Patent No. 4,626,538 ("the '538 patent") entitled "[7-(3-Disubstituted Amino)Phenyl]Pyrazolo[1,5-a]Pyrimidines" was duly and legally issued on

December 2, 1986 to inventors John P. Dusza *et al.* by the United States Patent and Trademark Office ("PTO"). A copy of the '538 patent is attached as Exhibit A.

10. Pursuant to 35 U.S.C. § 156, on June 4, 2003, the PTO extended the term of the '538 patent beyond its natural life for a period of 1810 days based upon the FDA's review of the product Sonata® (zaleplon) ("the patent term extension").

11. The PTO's certificate extending the term of the '538 patent imposes a single condition on that extension, namely, the payment of maintenance fees as otherwise required by law. A copy of this certificate is attached as Exhibit B.

12. Based on the patent term extension, the '538 patent expires on June 6, 2008.

13. Wyeth owns the '538 patent.

14. King R&D has an exclusive license, *inter alia*, to sell, by prescription, zaleplone drug products in the United States under the '538 patent. King Pharma has an exclusive-sublicense to sell such products. King Pharma sells, by prescription, drug products containing zaleplon in the United States under the trademark Sonata®.

## Acts Giving Rise To This Action

15. On or about June 20, 2005, King and Wyeth received a letter (the "Notification Letter") notifying them that Teva had filed a patent certification pursuant to section 505(j)(2) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2). In the Notification Letter, Teva stated that it had submitted ANDA No. 77-239 to the FDA seeking marketing approval for capsules containing 5 mg and 10 mg of zaleplon ("Teva's Zaleplon Capsules"[1]).

16. Teva submitted its ANDA to obtain FDA approval to engage in the commercial manufacture, use and sale of its Zaleplon Capsules prior to the expiration of the '538 patent. The

---

[1] As used herein, the phrase "Teva's Zaleplon Capsules" refers to all capsule strengths set forth in Teva's Notification Letter as well as any other zaleplon formulation that is the subject of Teva's ANDA 77-239.

- - 2 - -

'538 patent is listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluation" ("Orange Book") as being applicable to King's Sonata® drug products. On information and belief, Teva intends to engage and will engage in the commercial manufacture, use and sale of its Zaleplon Capsules promptly upon receiving FDA approval to do so.

17.     Teva's Notification Letter states that Teva's ANDA No. 77-239 contained a "Paragraph IV Certification" that, in Teva's opinion, the '538 patent is unenforceable and would not be infringed by the commercial manufacture, use or sale of Teva's Zaleplon Capsules. Despite asserting that its Zaleplon Capsules do not infringe the '538 patent, Teva provided no basis for that assertion. Additionally, Teva did not dispute the validity of the '538 patent.

18.     Upon information and belief, Teva's ANDA No. 77-239 contains information showing that Teva's Zaleplon Capsules (a) are bioequivalent to King's Sonata® drug products, (b) have the same active ingredient as King's Sonata® drug products, (c) have the same route of administration, dosage form and strength as King's Sonata® drug products and (d) have the same, or substantially the same, proposed labeling as the labeling for King's Sonata® drug products.

**Infringement Count**

19.     King repeats and re-alleges the allegations of paragraphs 1-18 as though fully set forth herein.

20.     Teva's submission of its ANDA No. 77-239 to obtain approval to engage in the commercial manufacture, use and sale of Teva's Zaleplon Capsules, prior to the expiration of the '538 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2).

21.     Unless enjoined by this Court, Teva, upon FDA approval of Teva's ANDA No. 77-239, will infringe the '538 patent by making, using, offering to sell, importing, and selling

- - 3 - -

Teva's Zaleplon Capsules in the United States.

22. There is a justiciable controversy between the parties hereto as to infringement of the '538 patent.

23. Teva had notice of the '538 patent at the time of its infringement. Teva's infringement has been, and continues to be, willful and deliberate.

24. This case is an exceptional one, and plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

25. King will be substantially and irreparably damaged and harmed if Teva's infringement is not enjoined. King does not have an adequate remedy at law.

### **Prayer For Relief**

WHEREFORE, plaintiffs respectfully request the following relief:

(A) A judgment declaring that Teva has infringed, and that Teva's making, using, selling, offering to sell or importing Teva's Zaleplon Capsules and/or its active zaleplon ingredient will infringe the '538 patent;

(B) A judgment ordering that the effective date of any FDA approval for Teva to make, use or sell its Zaleplon Capsules be no earlier than the date on which the patent term extension of the '538 patent expires and any applicable regulatory extensions expire.

(C) A judgment permanently enjoining Teva from making, using, selling, offering to sell, or importing Teva's Zaleplon Capsules and/or its active zaleplon ingredient until after the date on which the patent term extension of the '538 patent expires and any applicable regulatory extensions expire;

(D) If Teva engages in the commercial manufacture, use, offer to sell, or sale of its Zaleplon Capsules and/or its active zaleplon ingredient prior to the date on which the patent term extension of the '538 patent expires, a judgment awarding King damages resulting from such

infringement, increased to treble the amount found or assessed, together with interest;

    (E)    Attorneys' fees in this action pursuant to 35 U.S.C. § 285;

    (F)    Costs and expenses in this action; and

    (G)    Such further and other relief as this Court may deem just and proper.

Respectfully submitted,

Date: August 3, 2005

By: /s/ Paul E. Crawford
Paul E. Crawford (I.D. # 493)
Patricia Smink Rogowski (I.D. # 2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
Phone: (302) 658-9141
pcrawford@cblh.com
progowski@cblh.com

Of Counsel:
F. Dominic Cerrito
Daniel L. Malone
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Phone: (212) 326-3939

*Attorneys for Plaintiffs King Pharmaceuticals, Inc. and King Pharmaceuticals, Research and Development Inc.*

-- 5 --